IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Sabrina Bone, #272515, | ) | C/A NO. 0:08-2021-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Judy Anderson, Warden, Camille Griffin | ) | |
| Graham Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation ("Report"). However, the matter became unassigned as a result of the vacancy of one Magistrate Judge position and division transfer of the previously assigned Magistrate Judge. To avoid a resulting backlog in cases, the undersigned has elected to withdraw the reference in this matter and resolve the petition without a Report and Recommendation. For the reasons indicated below, the court **grants** Respondent's motion for summary judgment and dismisses the Petition with prejudice.

**FACTS**

Petitioner is presently confined in the South Carolina Department of Corrections (SCDC) pursuant to her 2001 conviction for homicide by child abuse. Petitioner was convicted in February 2001 after a jury trial and was thereafter sentenced to forty (40) years' imprisonment. Petitioner filed

a timely notice of appeal with the South Carolina Court of Appeals. On November 25, 2002, the South Carolina Court of Appeals issued an opinion affirming Petitioner's conviction.

Petitioner then filed a timely *pro se* Application for Post-Conviction Relief (PCR), asserting three grounds for relief. On February 1, 2006, the South Carolina circuit court denied relief by written order. Petitioner thereafter filed a timely petition for writ of certiorari to the South Carolina Supreme Court from the denial of PCR relief. On April 3, 2008, the South Carolina Supreme Court denied the petition for writ of certiorari.

Petitioner now seeks relief pursuant to 28 U.S.C. § 2254, raising one claim: a Due Process claim relating to the admission of certain evidence during her trial. Petitioner has withdrawn her ineffective assistance of counsel claim.[1]

Respondent contends that Petitioner's application is procedurally barred for two reasons. First, Respondent argues Petitioner failed to file a petition for writ of certiorari with the South Carolina Supreme Court after her conviction was affirmed by the South Carolina Court of Appeals. Respondent argues that this operates as a procedural bar to the consideration of the Petition on the merits by this court. Second, Respondent maintains that even if Petitioner was not required to submit a petition for writ of certiorari to the South Carolina Supreme Court, Petitioner failed to adequately present her claim of alleged federal due process violation to any state court, thereby precluding its consideration by this court.

**FAILURE TO FILE PETITION FOR WRIT OF CERTIORARI**

Respondent first asserts that Petitioner's claim is procedurally barred because she did not file a petition for writ of certiorari with the South Carolina Supreme Court after the denial of relief in

---

[1] See Reply and Memorandum of Law at 1 n.1 (Dkt. # 18, filed Oct. 14, 2008).

the South Carolina Court of Appeals. Respondent cites *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), for the proposition that Petitioner "is required to make use of the discretionary review procedures before [South Carolina's] highest court" to fully exhaust her state court remedies. Return at 7 (Dkt. # 11, filed Aug. 25, 2008).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, the court finds that Petitioner's claim is not procedurally barred for failure to pursue review after direct appeal to the South Carolina Supreme Court.

### "Fairly Present"

Respondent's second contention regarding procedural bar is that Petitioner failed to "fairly present" her due process argument to the state court prior to bringing this claim in her federal habeas petition. Petitioner argues that she adequately alerted the South Carolina courts to the federal nature of her claim.

As noted above, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. This opportunity must be given by fairly presenting to the

3

state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citing *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted)). In other words, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

Although a petitioner need not "cit[e] book and verse on the federal constitution" in order to satisfy the exhaustion requirement, *Picard v. Conner*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted), "[o]blique references which hint that a theory may be lurking in the woodwork will not suffice." *Matthews*, 105 F.3d at 911. Importantly, the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam).

"[I]t is the petitioner's argument to the court rather than the court's decision that is dispositive [of whether a petitioner has sufficiently raised an argument to the court]." *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999). Petitioner referenced Federal Rule of Evidence 403 in her direct review appellate brief, noting that the South Carolina Supreme Court had adopted the federal standard of review in admitting evidence. Additionally, Petitioner referred to federal authority, *Osborne v. Wainwright*, 720 F.2d 1237 (11th Cir. 1983), in her appellate brief for the proposition that "[p]hotographs which are gruesome or inflammatory operate to deprive one of a fundamentally fair trial." Additional Attachment to Return at 19 [state appellate court record p. 593] (Dkt. 12-2, filed Aug. 26, 2008). Therefore, the court finds that Petitioner sufficiently raised her federal due process claim in the state courts.

4

When a petitioner has properly presented a claim to the state court but the state court does not adjudicate that claim on the merits, this court applies a pre-AEDPA[2] *de novo* standard of review to such a claim. "Under AEDPA, a federal court must defer to a state court's resolution of a claim that has been adjudicated on the merits. Conversely, where a state court has not considered a properly preserved claim on its merits, a federal court must assess the claim *de novo*." *Monroe v. Angelone*, 323 F.3d 286, 297 (4th Cir. 2003) (internal citation ommitted); *Daniels v. Lee*, 316 F.3d 477, 487 (4th Cir. 2003); *see also Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003) ( "[AEDPA] applies only when there is an antecedent state court decision on the same matter."). Therefore, because the South Carolina Court of Appeals did not specifically adjudicate Petitioner's Due Process claim, the court reviews the trial court's rulings *de novo*.

### DUE PROCESS

Petitioner argues that the admission of certain photographs violated her Due Process rights and that the "trial court's ruling, admitting the gruesome, horrible, and irrelevant photographs of the victim, was objectively unreasonable and [ ] violated the Petitioner's federal rights to the due process of law and a fair trial." Reply and Memo. at 9 (Dkt. # 18, filed Oct. 14, 2008). Respondent contends that there is nothing in the record to indicate the state courts were objectively unreasonable in finding the photographs admissible. Return at 10 (Dkt. # 11, filed Aug. 25, 2008).

A federal habeas court does not reexamine state court determinations of questions of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). To succeed on her Due Process claim,

---

[2] "AEDPA" is the commonly-used acronym for the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub.L. No. 104-132, 110 Stat. 1214. The AEDPA imposed a limitation on a federal court's power to grant relief to a habeas petitioner in those circumstances where a "claim [ ] was adjudicated on the merits in State court proceedings . . . ." 28 U.S.C. § 2254(d).

Petitioner must show that any alleged error in a state law evidentiary ruling so fatally infected her trial with unfairness as to violate Due Process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974) (applying standard to allegation of prosecutorial misconduct). "[D]ue process arguments relating to the admissibility of the victims' . . . photos . . . will not support habeas relief absent fundamental unfairness so as to constitute a denial of due process of law." *Jackson v. Shanks*, 143 F.3d 1313, 1322 (10th Cir. 1998) (internal quotation and citation omitted). *Cf. Woods v. Johnson*, 75 F.3d 1017, 1038-39 (5th Cir.1996) (stating admission of photographs of deceased's body during sentencing phase of capital case does not violate Eighth Amendment unless it renders the trial fundamentally unfair). That is, "[s]omething worse than a garden-variety violation of [an evidentiary rule] must be shown to cross the constitutional threshold." *Watkins v. Meloy*, 95 F.3d 4, 7 (7th Cir. 1996). The admission of relevant photographs of a crime scene or a victim, even if gruesome, does not deprive a criminal defendant of a fair trial. *See Cooey v. Coyle*, 289 F.3d 882, 893-94 (6th Cir. 2002) (citing *Gerlaugh v. Stewart*, 129 F.3d 1027, 1032 (9th Cir. 1997), for proposition that such photographs do not raise the "spectre [sic] of fundamental fairness such as to violate federal due process of law").

According to the pathologist who performed an autopsy on the child victim, he died from asphyxiation and blunt force trauma to the head. The State's theory of the case was that Petitioner was at least complicit in the abuse that killed her child and, even if she did not inflict the fatal blow or blows, she failed to obtain medical assistance for him, knowing that his injuries were life-threatening.[3] The photographs which were admitted by the trial court were two photographs of the child taken at the hospital shortly after his death as well as six autopsy photographs. The hospital

---

[3] Petitioner's live-in boyfriend was also charged with and convicted of homicide by child abuse in a separate proceeding.

6

photographs showed particular contusions on his forehead which had a waffling pattern, consistent with the material covering a cast or splint which Petitioner was wearing at the time of the victim's death. The autopsy photographs showed specific injuries to his head, face, back, and neck, and ligature marks on his neck, as well as the "global" nature of his injuries. The trial court held a hearing outside the presence of the jury, making specific findings as to the relevance and admissibility of each photograph, and directing that one photograph be cropped so that the jury could not seen the victim's face. Additionally, the court excluded several other photographs which the prosecution sought to offer, finding them unduly prejudicial (because they showed the victim's face) or cumulative.

The South Carolina Court of Appeals concluded that the photographs "all served to corroborate the medical testimony . . . [and] were not unduly prejudicial." Additional Attachment to Return at 53 [state appellate court record p. 627] (Dkt. 12-2, filed Aug. 26, 2008). Petitioner argues that the photographs "had no relevance at trial whatsover" because, *inter alia*, there was no question that the victim suffered life-threatening injuries. Reply and Memo. at 9 (Dkt. # 18, filed Oct. 14, 2008). However, the photographs were relevant to show the extent and nature of the victim's injuries, the timing of certain injuries, and to corroborate the testimony of the medical witnesses and the two lay witnesses who saw the victim earlier on the day of his death.

Having reviewed the entire record, the court concludes that because the probative value of the photographs outweighed their prejudicial effect, it cannot be said that the admission of the photographs so fatally infected her trial with unfairness as to violate Due Process.[4]

---

[4]Indeed, other courts have affirmed the admission of photographs which were likely even more shocking than the photographs admitted at Petitioner's trial. *See*, *e.g.*, *Wilson v. Sirmons*, 536 F.3d 1064 (10th Cir. 2008) (admitting photographs of murder victim's back and head in a pool of blood, and photograph of victim's entire body face down on floor did not render trial fundamentally unfair where they allowed medical examiner to show where baseball bat caused various injuries and

7

#### CONCLUSION

Respondent's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 17, 2008

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\08-2021 Bone v. Anderson e gr sumjgm.wpd

---

they were probative of the attacker's intent to kill); *Kuntzel v. Black*, 774 F.2d 291, 292 (8th Cir. 1985) (affirming denial of habeas relief where trial court admitted "particularly gruesome" photographs of a murder victim's body and body parts from an autopsy because they were "relevant and probative" in showing the condition of the deceased, the location of the wound, and the defendant's intent).